UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| GREGORY DONAVIN HINES AND MALINDA JUNE HINES, | ) CASE NO. 05-66898 |
| | ) ADV. NO. 07-6132 |
| Debtors. | ) |
| | ) JUDGE RUSS KENDIG |
| JOSIAH L. MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM OF OPINION** |
| v. | ) **(NOT INTENDED FOR** |
| | ) **PUBLICATION)** |
| GREGORY DONAVIN HINES AND MALINDA JUNE HINES, | ) |
| | ) |
| Defendants. | ) |

    Trustee-plaintiff Josiah L. Mason[1] ("Trustee") filed a motion for summary judgment on November 26, 2007 under Fed. R. Bankr. P. 7056. In the motion, Trustee alleges that Debtors have failed to turnover non-exempt assets in accordance with a court order issued in the main case. The motion is not opposed.

    The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(I). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

    Debtors filed a joint chapter 7 case on October 6, 2005. Initially, the case was determined to be a no-asset case and a no-asset report was filed on December 12, 2005. The order of discharge was entered on February 2, 2006 and the case was closed eight days later.

---

[1] Robert H. Cyperski was the original trustee in this case, but Josiah L. Mason was appointed successor trustee on September 14, 2007.

Thereafter, the case was reopened on Trustee's motion and Trustee subsequently submitted a Notice of Assets and Request for Notice to Creditors. On October 17, 2006, Trustee filed a motion for turnover of Debtors' 2005 income tax refunds which Debtors received postpetition. Trustee and Debtors presented an agreed order granting the motion for turnover and it was entered by the court on February 27, 2007. The order called for Debtors to pay $9,669.00[2] to the Trustee in monthly installments of $200.00 per month, without interest, beginning February 15, 2007; the balance of the amount due was to be paid upon receipt of Debtors' 2006 refunds.

On August 9, 2007, Trustee commenced an adversary proceeding seeking to revoke Debtors' discharge under 11 U.S.C. § 727(d)(3) for their alleged failure to obey a lawful order of the court, namely the turnover order. Debtors' amended answer was filed on November 29, 2007.[3] Debtors denied the substantive allegations in the complaint and offered to reestablish payments with the trustee. According to an affidavit filed by Trustee in support of his motion for summary judgment, Debtors have not paid any portion of the amount owed.

## **DISCUSSION**

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56 into bankruptcy practice. That rule provides, in part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H.Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment is not appropriate if a material dispute exists over the facts, "that is, if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an

---

[2] The amount is now disputed by Debtors, but the court finds the actual amount to be immaterial in resolving the motion for summary judgment.

[3] The amended answer was incorrectly filed in the main case on November 9, 2007 and was not filed in the adversary case until November 29, 2007.

element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); *see also* Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).

Although the motion for summary judgment does not reference the section 727 provision under which Trustee proceeds, the complaint was brought under section 727(d)(3). In accordance with 11 U.S.C. § 727(a)(6), this provision provides that a court may revoke a debtor's discharge if

> The debtor has refused, in the case--
>
> (A) to obey a lawful order of the court, other than an order to respond to a material question or to testify . . . .

On section 727(d) actions, Trustee bears the burden of proof by a preponderance of the evidence. *See* Sicherman v. Rivera (In re Rivera), 356 B.R. 786 (unpublished) (citing Keeney v. Smith (In re Keeney), 227 F.3d 679, 683 (6th Cir. 2000); Hamo v. Wilson (In re Hamo), 223 B.R. 718, 724 (B.A.P. 6th Cir. 1999). 'Revocation of a debtor's discharge is an extraordinary remedy, so § 727(d) is liberally construed in favor of the debtor and strictly construed against the party seeking revocation.' Humphreys v. Stedham (In re Stedham), 327 B.R. 889, 897 (Bankr. W.D. Tenn. 2005) (quoting Buckeye Retirement Co. v. Heil (In re Heil), 289 B.R. 897, 903 (Bankr. E.D. Tenn. 2003)).

Clearly, the February 27, 2007 agreed order was a lawful order of the court. Trustee, through his affidavit, stated that Debtors did not make any payments on their obligation. Debtors have not opposed the motion. The sworn facts set forth by Trustee are undisputed. Therefore, the court finds that no genuine issues of material fact exist and that Trustee is entitled to a judgment as a matter of law under section 727(d)(3). *See* Davis v. Stevens (Stevens), 2007 WL 2079717 (Bankr. N.D. Ohio 2007) (slip opinion).

An order in accordance with this opinion shall be entered forthwith.

/s/ Russ Kendig
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Josiah L. Mason
P.O. Box 345
153 W. Main St.
Ashland, OH 44805-2219

Brian J Chisnell
PO Box 2668
1075 National Parkway
Mansfield, OH 44906-1908

Gregory Donavin Hines
Malinda June Hines
6180 Tracht Drive
Galion, OH 44833